Desmond, J.
Turning from one street into another at an intersection described as ‘‘ very busy ’ ’ and ‘ ‘ very dangerous ’ ’ and equipped with no fewer than six three-phase traffic lights, defendant (as the officer swore and defendant admits) failed to give any turn signal. The only possible question on this appeal is as to the sufficiency of the proof of the statutory element: *37 ‘ ‘ iii the event any other traffic may be affected by such movement ” (Vehicle and Traffic Law, § 1163, subd. [a]). The record shows that the police officer supplied that proof.
The officer swore that he could see about 700 feet to the east (from which direction defendant’s car came) and that there were automobiles behind defendant coming from that easterly direction. The policeman did not know just how far away those other cars were but they were, of course, within his 700 feet of visibility. If, just before defendant made his unsignalcd turn, those cars behind him were moving no faster than 25 miles per hour, they would, when defendant suddenly and without notice slowed and turned, come up behind defendant in 15 or 20 seconds, at most. His was, therefore, precisely the kind of heedless driving with which the statute deals.
On defendant’s own testimony, this was not a situation where there was no traffic at all on the street. He himself testified that shortly before he turned he had to wait for other cars coming into the street and that he had to slow up to let them pass. If all this does not make out a violation, it must be that there is no violation without an actual collision.
In the month in which this appeal was argued (October, 1959) there were 231 highway deaths in this State. The times call for tight, not loose, application of these simple, easy-to-obey traffic rules.
The judgment should be affirmed.