STATE of Minnesota, DEPARTMENT OF PUBLIC SAFETY, Respondent,

v.

VAN BUS DELIVERY CO., d.b.a. United Van Bus Delivery, Appellant.

No. C6–86–1540.

Court of Appeals of Minnesota.

Feb. 17, 1987.

Hubert H. Humphrey, III, Atty. Gen., Kenneth H. Bayliss, III, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Andrew R. Clark, Mackall, Crounse & Moore, Minneapolis, for appellant.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

POPOVICH, Chief Judge.

Van Bus Delivery Co. appeals from a July 22, 1986 judgment regarding the State's action to collect civil penalties under Minn.Stat. § 169.871 for appellant's violation of overweight vehicle laws. Appellant claims the statute is ambiguous and the trial court erred in refusing to consider legislative history. It argues the legislature did not intend the penalty provisions of Minn.Stat. § 169.871 to apply to violations of Minn.Stat. § 169.84 regarding bridge weight limitations. We affirm.

## FACTS

There was no trial in this case. The parties stipulated to the relevant facts and submitted written arguments to the trial court.

On April 23, 1984, appellant's employee drove a truck weighing 76,300 pounds over the Second Street N.E. bridge in Minneapolis which had a posted maximum legal weight of 42,000 pounds. Just before crossing the bridge, the driver approached a detour on University Avenue. Detour signs directed passenger vehicles over the Second Street N.E. bridge but routed large trucks over the Third Avenue N.E. bridge.

The driver became confused and drove over the Second Street N.E. bridge instead of the Third Avenue bridge. A police officer stopped appellant's truck, directed it to a weigh station where the truck's gross weight was recorded at 76,300 pounds—34,300 pounds more than the posted vehicle weight limit of the Second Street N.E. bridge.

In a March 10, 1986 order for judgment, the trial court concluded the State is entitled to recover $6070 from appellant under the provisions of Minn.Stat. § 169.871, subd. 1(e) subject to a $330 setoff of the fine paid by the driver.

## ISSUE

Did the trial court err in holding the penalty provisions of Minn.Stat. § 169.871 apply to violations of Minn.Stat. § 169.84?

## ANALYSIS

Appellant claims the penalty provisions of Minn.Stat. § 169.871 (1984) do not apply to violations of Minn.Stat. § 169.84 regarding bridge weight limitations because: (1) Minn.Stat. § 169.871 is ambiguous; (2) the legislature did not intend Minn.Stat. § 169.871 to be applied to violations of Minn.Stat. § 169.84; (3) application of Minn.Stat. § 169.871 is absurd and results in an unreasonable penalty; and (4) the facts of the case and the confusing detour render the trial court's decision unreasonable and inequitable. Appellant claims the trial court should have looked beyond the statutory language to consider legislative history and intent.

Statutory interpretation based on a given set of facts is a question of law. When reviewing a district court decision on a question of law, the appellate court, "need not defer to the ultimate conclusion drawn by the trial court." *Durfee v. Rod Baxter Imports, Inc.*, 262 N.W.2d 349, 354 (Minn.1977).

The bridge weight limitations statute provides:

> Subject to the limitations upon wheel and axle loads prescribed in this chapter,

the gross weight of any vehicle or combination of vehicles driven onto or over a bridge on any highway shall not exceed the safe capacity of the bridge, as may be indicated by warning posted on the bridge or the approaches thereto.

Minn.Stat. § 169.84 (1984). Appellant clearly violated this statute. The posted legal load limit was 42,000 pounds, which appellant's vehicle exceeded by 34,300 pounds.

Minn.Stat. § 169.871 states:

The owner or lessee of a vehicle that is operated with a gross weight in excess of a weight limit imposed under sections 169.825 and *169.832 to 169.851* and 169.-87 or a shipper who ships or tenders goods for shipment in a single truck or combination vehicle that exceeds a weight limit imposed under sections 169.-825 and 169.832 to 169.851 and 169.87 is liable for a civil penalty * * *.

Minn.Stat. § 169.871, subd. 1 (1984) (emphasis added). This section clearly states civil penalties apply to violations of sections 169.832 to 169.851, of which section 169.84 is inclusive. Minn.Stat. § 169.871 is unambiguous.

■ Although courts are permitted to consider legislative history and intent in construing a statute in certain circumstances, it is a well-settled rule that:

When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit.

Minn.Stat. § 645.16 (1986). "When the meaning of a statute is apparent from its language, no further statutory construction is permitted." *McCaleb v. Jackson,* 307 Minn. 15, 17 n. 2, 239 N.W.2d 187, 188 n. 2 (1976). Therefore, since Minn.Stat. § 169.871 by its own language applies to violations of Minn.Stat. § 169.84, the trial court was not permitted to consider legislative history. The trial court correctly concluded the statute is unambiguous on its face and not subject to further analysis.

■ Appellant contends the legislature did not intend overweight vehicle civil penalties to apply in this case. It argues that since the bridge weight statute, Minn. Stat. § 169.84, has undergone little change since its enactment in 1937 and was not considered in the early 1980's when the penalty provisions of Minn.Stat. § 169.871 were formulated, it must not apply. When construing a statute, a court cannot supply that which the legislature either purposely or inadvertently overlooked. *Wallace v. Commissioner of Taxation,* 289 Minn. 220, 230, 184 N.W.2d 588, 594 (1971). Therefore, even if the legislature overlooked exempting Minn.Stat. § 169.84 from the penalty provisions of Minn.Stat. § 169.871, the trial court may not judicially exempt that section.

Appellant claims it did not have fair warning that Minn.Stat. § 169.871 applies to the bridge weight statute. It relies on *State v. Corbin,* 343 N.W.2d 874 (Minn.Ct. App.1984), for the proposition that penal statutes must be strictly construed and any doubt must be interpreted in the defendant's favor. *Id.* at 875–76. Appellant contends strict construction of the penal statute requires the court to consider the legislative history. We disagree.

In *Corbin,* this court held that a statute permitting a hunter to retrieve on foot a wounded game animal from another's unposted agricultural land without permission is a defense in a misdemeanor trespass action. *Id.* at 876. We upheld the trial court's interpretation of the statute based on the "plain reading of the entire statute." *Id. Corbin* is not precedent for a situation such as this where the statute is clear and unambiguous.

■ While the driver's violation may have been a mistake, and appellant did not financially profit by the violation, this does not make the penalty absurd and unreasonable. There is no provision in either Minn. Stat. § 169.84 or Minn.Stat. § 169.871 providing that a violator must profit from its action. Further, intent is not a prerequisite to finding a civil violation; all that is required is a violation, clearly established in this matter. *Cf. State v. Miller,* 395

N.W.2d 431 (Minn Ct.App.1986) (driver charged with speeding after spilling coffee on himself and inadvertently hitting the accelerator was still responsible despite lack of intent).

## DECISION

We affirm the statutory construction of the trial court.

Affirmed.