STATE of Minnesota, Respondent,

v.

Charles TURCHICK, Appellant.

No. C7–88–1020.

Court of Appeals of Minnesota.

Feb. 28, 1989.
Review Denied April 24, 1989.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert Alfton, Minneapolis City Atty., Minneapolis, for respondent.

Charles Turchick, Minneapolis, pro se.

Considered and decided by WOZNIAK, C.J., and FOLEY and FORSBERG, JJ., without oral argument.

## OPINION

WOZNIAK, Chief Judge.

We are called upon to decide whether the wearing of one headphone or earphone by a person while operating a motor vehicle violates Minn.Stat. § 169.471, subd. 2 (1988), an issue of first impression in Minnesota. The trial court found such conduct constituted a violation. We affirm.

## FACTS

Appellant was driving a motor vehicle southbound on Interstate Highway 94 when he was stopped and ticketed for violating Minn.Stat. § 169.471, subd. 2:

No person, while operating a motor vehicle, shall wear headphones or earphones which are used in both ears simultaneously for purposes of receiving or listening to broadcasts or reproductions from radios, tapedecks, or other sound-producing or transmitting devices. This section shall not prohibit the use, however, of hearing aid devices by persons in need thereof.

*Id.*

The trial court adopted appellant's version of the facts and found one of the earphones was over appellant's left ear and the other earphone was not exactly over the right ear but was one inch forward from the center part of the right ear. The trial court declined to adopt appellant's meaning of the statute, i.e., that it was necessary to have both earphones positioned directly into both ears simultaneously before a violation occurred. Rather, the trial court found the statutory phrase "which are used in both ears simultaneously" described the type of "headphones or earphones." The trial court found appellant violated the statute and imposed a fine of $44. Appellant brought this appeal claiming trial court error.

## ISSUE

Did the trial court err in finding appellant violated Minn.Stat. § 169.471, subd. 2?

## ANALYSIS

Where the question on appeal is purely one of law, this court is not bound by the decision of a lower court. *See A.J. Chromy Construction Co. v. Commercial Mechanical Services, Inc.*, 260 N.W.2d 579, 582 (Minn.1977).

Appellant argues that, pursuant to Minn. Stat. § 169.471, subd. 2, a violation occurs only when one is wearing earphones simultaneously in both ears, and not when one is wearing only one earphone. We disagree. The statute is clear and unambiguous and is reasonably susceptible to only one meaning: wearing of headphones or earphones for purposes of receiving or listening to broadcasts or reproductions from radios, tapedecks, or other sound-producing or transmitting devices while operating a motor vehicle is prohibited, whether such headphones or earphones are worn in one or both ears.

A statute is to be enforced literally as it reads if its language embodies a definite meaning that involves no absurdity or contradiction. *State v. West*, 285 Minn. 188, 197, 173 N.W.2d 468, 474 (1970). Nontechnical words and phrases are construed according to rules of grammar and according to their common and approved usage. Minn.Stat. § 645.08(1) (1988).

The legislature chose the phrase "headphones or earphones *which* are used in both ears simultaneously." Minn.Stat. § 169.471, subd. 2 (emphasis supplied). The word "which" is defined as the one or ones previously designated or implied. *Webster's New Universal Unabridged Dictionary* 2083 (2nd ed. 1983). When used as a relative pronoun in a clause, such as it is used in Minn.Stat. § 169.471, subd. 2, "which" provides additional information about the antecedent. *Id.* Thus, "which are used in both ears simultaneously" provides additional information about "headphones and earphones." This clause does not mean the headphones must be used in both ears simultaneously before a violation occurs. The statutory wording does not reasonably support such an interpretation. Appellant's argument that the legislature only intended to prohibit use in both ears simultaneously involves absurdity or contradiction. The legislature should not be seen as intending absurd or contradictory consequences. *Fink v. Cold Spring Granite Co.*, 262 Minn. 393, 405–06, 115 N.W.2d 22, 31 (1962).

Viewing the statute as a whole, one finds Minn.Stat. § 169.471, subd. 1 (1988), enacted in 1971, regulates television use in motor vehicles and prohibits television use which is visible to the driver while operating the motor vehicle. This prohibition was obviously aimed at reducing driver distraction and promoting concentration on driving. Minn.Stat. § 169.471, subd. 2, enacted in 1974, regulates the use of headphones and earphones while operating a motor vehicle. It, too, was obviously enacted for the same purposes.

One need only observe a driver singing and swinging to the music while wearing earphone(s) or headphone(s) to understand the problems the legislature sought to remedy: driver distraction, lack of concentration, the obliteration of sounds necessary to safe driving like sirens, honking horns, screeching brakes, and other warning noises. Whether listening to heavy metal or Mozart, bebop or Beethoven, wearing headphone(s) or earphone(s) while driving is hazardous to the public. While one may at times find it desirable to "tune out," doing so while operating a motor vehicle is a dangerous practice.

## DECISION

The trial court did not err in finding appellant violated Minn.Stat. § 169.471, subd. 2.

AFFIRMED.