STATE of Minnesota, Respondent,

v.

Leon Robert BISSONETTE, Appellant.

No. C8–89–503.

Court of Appeals of Minnesota.

Sept. 26, 1989.

---

Leon Bissonette, Wayzata, pro se.

David L. Harmeyer, Grannis, Grannis, Farrell & Knutson, P.A., S. St. Paul, for respondent.

Considered and decided by KALITOWSKI, P.J., and PARKER and CRIPPEN, JJ.

## MEMORANDUM OPINION

PARKER, Judge.

### FACTS

Police saw appellant Leon Bissonette move his vehicle from one lane to another without using a turn signal. After observing him change lanes several times without signaling, the police stopped Bissonette's vehicle and issued him a citation for violating Minn.Stat. § 169.19, subd. 4 (1988), making an improper change of course without the use of an appropriate signal.

At trial the police officer testified he did not consider that the offense was committed in a manner or under circumstances that would endanger any person or property. The trial court, determining that the statute requires a driver to signal before making any lane change, found Bissonette in violation of the statute.

### DECISION

Bissonette claims that Minn.Stat. § 169.19, regarding change of course and appropriate signals, does not require the use of signals for lane changes because (1) Minn.Stat. § 169.18, not § 169.19, governs lane changes; or, alternatively, that (2) Minn.Stat. § 169.19 is ambiguous and, applying rules of strict construction, does not mandate the use of signals for lane changes.

Statutory interpretation based on undisputed facts is a question of law. *See Department of Public Safety v. Van Bus Delivery Co.*, 400 N.W.2d 759, 760 (Minn. Ct.App.1987). On review, this court is not bound by the trial court's determination of a question of law. *Id.* (citing *Durfee v. Rod Baxter Imports, Inc.*, 262 N.W.2d 349, 354 (Minn.1977)). The parties here are in agreement as to the facts. This court, therefore, must determine only whether the trial court properly construed the statute.

Bissonette argues that Minn.Stat. § 169.18, subd. 7 (1988), controls. This section provides:

> When any roadway has been divided into two or more clearly marked lanes for traffic, *the following rules, in addition to all others consistent herewith*, shall apply:
>
> (a) A vehicle shall be driven as nearly as practicable entirely within a single lane * * * until the driver has first ascertained that such movement can be made with safety;

*Id.* (emphasis supplied). Bissonette claims that according to this provision, so long as a lane change can be made with reasonable safety, no signal is required.

Statutory provisions which are part of the Highway Traffic Regulation Act,

Minn.Stat. § 169, are "in pari materia" and are therefore to be construed together. *Apple Valley Red–E–Mix, Inc. v. State,* 352 N.W.2d 402, 404 (Minn.1984) (citing *Rogers v. Minneapolis Street Railway Co.,* 218 Minn. 454, 458, 16 N.W.2d 516, 518 (1944)). Statutes "in pari materia" are those relating to the same person or thing or having a common purpose. Black's Law Dictionary 711 (5th ed. 1979).

■ Minn.Stat. § 169.19, subds. 4–8 (1988), provide regulations concerning "change of course" upon highways and the appropriate signals for such changes:

> Change of course. No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in this section, or turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course *or move right or left upon a highway unless and until the movement can be made with reasonable safety after giving an appropriate signal in the manner hereinafter provided.*

*Id.,* subds. 4, 5 (emphasis supplied). Subdivisions 5 and 6 provide specific signal requirements and exceptions for turns, stops and decreases in speed. Subdivisions 7 and 8 detail the acceptable types of signal devices and hand signals.

Reading Minn.Stat. §§ 169.18 and 169.19 together, it is apparent that the latter supplies additional regulations and signaling requirements for lane changes and that there is no conflict in construing these two sections together. Therefore, Minn.Stat. 169.18 does not control signaling for lane changes.

Bissonette argues that a strict construction of Minn.Stat. § 169.19 must result in a determination that signals are not mandated for lane changes. He bases his argument on the premise that the subject traffic regulation is a penal statute. We disagree. Although the Minnesota Supreme Court, in *State v. Moseng,* 254 Minn. 263, 269, 95 N.W.2d 6, 11 (1959), applied the rule of strict construction for penal statutes, certain traffic violations (including improper lane changes) have since been changed from misdemeanor crimes to petty misdemeanors. Minn.R.Crim.P. 23.06 provides that a petty misdemeanor is not a crime.

■ A petty misdemeanor traffic regulation can be likened to a safety statute, not a penal statute. The applicable rule of construction, therefore, is that statutes protecting public health and safety are to be construed liberally to effect their purpose. *U.S. v. Advance Machine Co.,* 547 F.Supp. 1085, 1089 (D.C.Minn.1982).

■ In reading a traffic regulation, the court may view the statute as a whole and consider its purpose and what it regulates. *State v. Turchick,* 436 N.W.2d 108, 109 (Minn.Ct.App.1989). The legislature intends the entire statute to be effective; every word of the statute must be made effective if possible. Minn.Stat. § 645.17(2) (1988); *Department of Public Safety v. Grovum,* 297 Minn. 66, 209 N.W.2d 788, 792 (1973) (applying Minn.Stat. § 645.17(2) to a traffic regulation).

■ Although the legislature provided the additional restriction that "a signal of intention to turn * * * shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning," it failed to provide similar restrictions for lane changes. Minn.Stat. § 169.19, subd. 5 (1988). Bissonette argues that this failure should result in a finding that the statute excludes signaling requirements for lane changes. This would render superfluous the inclusion of lane changes in the general statutory provision for signaling. The legislature's failure to provide similar guidelines for lane changes is more reasonably interpreted to mean that it determined that a strict 100–foot requirement was necessary only for turns.

Bearing in mind that the purpose of traffic regulation is to protect against traffic hazards and that this court must construe the statute to give effect to all provisions,

846

we find that Minn.Stat. § 169.19, subd. 4 (1988), requires the use of a turn signal when changing lanes on a highway.

Minn.Stat. § 169.19 (1976) provided:

No person shall * * * move right or left upon a highway unless and until the movement can be made with reasonable safety, and then only after sounding the horn if any pedestrian may be affected by the movement or *after giving an appropriate signal* in the manner herinafter provided *in the event any other vehicle may be affected* * * *.

*Id.*, subd. 4 (emphasis supplied). In 1978 the legislature amended this subdivision and excluded the language which gave the driver discretion in the use of signals. Therefore, although Bissonette may have made a lane change under circumstances which did not endanger any person or property, he has nonetheless violated the statute. Minn.Stat. § 169.19, as amended, requires the use of a turn signal when changing lanes regardless of whether it appears that other traffic will be affected.

Affirmed.