**In the Matter of the Distributor's License of MINNESOTA TIPBOARD COMPANY, INC.**

No. C4–89–1809.

Court of Appeals of Minnesota.

April 3, 1990.

Review Denied May 30, 1990.

John H. Daniels, Jr., Willeke & Daniels, Minneapolis, for Minnesota Tipboard Co., Inc.

Hubert H. Humphrey, III, Atty. Gen., Thomas F. Pursell, Asst. Atty. Gen., Kevin P. Staunton, Sp. Asst. Atty. Gen., St. Paul, for Minnesota Gambling Control Bd.

Considered and decided by CRIPPEN, P.J., and KALITOWSKI and MULALLY,* JJ.

## OPINION

KALITOWSKI, Judge.

This is an appeal from the Minnesota Gambling Control Board's order suspending Minnesota Tipboard's distributor license for violating Minn.Stat. § 349.161.

## FACTS

Minnesota Tipboard Company (Tipboard) is a Minnesota corporation licensed by the Gambling Control Board (Board) to distribute lawful gambling equipment in Minnesota. Between November 1, 1987, and April 30, 1988, Tipboard sold bingo equipment to two Minnesota corporations which were not

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

licensed charitable organizations but which leased premises to licensed charitable organizations. The corporations in turn furnished this bingo equipment to the licensed charities which leased their premises.

On October 14, 1988, the Board issued a notice and order for a contested case hearing regarding Tipboard's alleged violation of Minn.Stat. § 349.161, subd. 1 which prohibits a distributor of gambling equipment from selling gambling equipment to entities that are not licensed charitable gambling organizations. The matter was heard before an Administrative Law Judge (ALJ) on stipulated facts.

The ALJ found that Tipboard violated Minn.Stat. § 349.161 by selling bingo equipment to entities that were not licensed charitable organizations. The ALJ recommended that the Board take disciplinary action against Tipboard but stated that "no specific form of disciplinary action is recommended. That is left to the discretion of the board."

The Board adopted the ALJ's findings and conclusions and on September 15, 1989, ordered that Tipboard's license be suspended for 30 days, with 15 days executed and 15 days suspended for one year so long as Tipboard commits no further violations of gambling laws.

Tipboard challenges the Board's determination that it violated the law and the sanction imposed by the Board.

## ISSUES

1. Is a distributor of bingo equipment allowed to sell bingo equipment to organizations which lease bingo premises but are not themselves licensed charitable organizations?

2. Did the Minnesota Gambling Control Board abuse its discretion by suspending Minnesota Tipboard's distributor license for violating Minn.Stat. § 349.161?

## ANALYSIS

### I.

While appellate courts are not bound by an agency's interpretation of its governing statute, when the meaning of the statute is doubtful, courts should give great weight to the construction placed upon it by the department charged with its administration. *Mammenga v. State Department of Human Services*, 442 N.W.2d 786, 792 (Minn.1989).

Agency decisions are presumed correct and will be reversed only when they reflect an error of law or when findings are arbitrary and capricious or are unsupported by substantial evidence. *Crookston Cattle Co. v. Minnesota Department of Natural Resources*, 300 N.W.2d 769, 777 (Minn. 1981). The agency's decision is presumed correct out of deference to agency skill and technical expertise. *Id.*

This case involves the interpretation of two Minnesota statutes. Minn.Stat. § 349.161, subd. 1 (1988) provides:

Subd. 1. **Prohibited acts; licenses required.** No person may:

(1) sell, offer for sale, or furnish gambling equipment for use within the state for gambling purposes, other than for lawful gambling exempt from licensing under section 349.214, except to an organization licensed for lawful gambling; or

(2) sell, offer for sale, or furnish gambling equipment to an organization licensed for lawful gambling without having obtained a distributor license under this section.

No licensed organization may purchase gambling equipment from any person not licensed as a distributor under this section.

Minn.Stat. § 349.17, subd. 2a (1988) provides:

Subd. 2a. **Distributor license exemption for lessor.** As part of a lease agreement on a leased bingo premises, the lessor may furnish bingo equipment without being a licensed distributor.

Tipboard argued before the Board that Minn.Stat. § 349.17, subd. 2a impliedly creates an exception to section 349.161, subd. 1(1) to allow distributors to sell bingo equipment to bingo hall lessors, so that the lessors have bingo equipment to furnish to their lessees.

The Board rejected Tipboard's argument and concluded that Tipboard violated part (1) of Minn.Stat. § 349.161, subd. 1 by selling bingo equipment to the unlicensed corporations. The Board found that section 349.17 only creates an exception to section 349.161, subd. 1(2), by allowing bingo hall lessors, who are not licensed distributors, to furnish gambling equipment to the charitable organizations which lease their halls.

Where a statute is clear and free from ambiguity, this court is bound to follow the statute's plain meaning. *Tuma v. Commissioner of Economic Security*, 386 N.W.2d 702, 706 (Minn.1986). Section 349.-17 does not create an exception to subd. 1(1) of section 349.161 as Tipboard argues. It does not allow distributors to sell bingo equipment to the bingo hall owners so the hall owners can furnish the equipment to their lessees. The clear language of section 349.161 prohibits such sales and section 349.17 does not specifically create an exception.

In construing statutes, the intention of the legislature may be ascertained by considering, among other matters, the mischief to be remedied and the object to be attained. Minn.Stat. § 645.16(3), (4) (1988).

There is evidence in the record to support the Board's interpretation of section 349.17 based on legislative history. In 1986, before section 349.17 was enacted, bingo hall lessors were already in possession of bingo equipment and were furnishing it to their lessees. Since this practice violated existing law, the Board asked the legislature to enact legislation to allow the lessors to continue to furnish the equipment to their lessees. The legislature did not address the issue of where the bingo hall owners would obtain bingo equipment in the future.

Thus, even if the legislature intended to allow bingo hall owners to purchase new bingo equipment from distributors, they failed to make such an exception to the clear prohibition of section 349.161. A court cannot supply that which the legislature purposely or inadvertently overlooked. *Wallace v. Commissioner of Taxation*, 289 Minn. 220, 230, 184 N.W.2d 588, 594 (1971);

*Department of Public Safety v. Van Bus Delivery Co.*, 400 N.W.2d 759, 761 (Minn. Ct.App.1987). Therefore, we affirm the Board's decision finding Tipboard violated Minn.Stat. § 349.161, subd. 1(1).

II.

Tipboard also argues that the Board's sanction of suspending Tipboard's license for 30 days, with 15 of those days suspended is not supported by the evidence. A reviewing court may not interfere with the penalties or sanctions by an agency unless a clear abuse of discretion is shown. *In re Haugen*, 278 N.W.2d 75, 81 (Minn.1979). Under Minn.Stat. § 349.161, subd. 6 (1988), the Board may suspend a distributor's license for a violation of law. We do not find the Board's sanction upon Tipboard was an abuse of discretion.

DECISION

The Minnesota Gambling Control Board correctly found Minnesota Tipboard violated Minn.Stat. § 349.161, subd. 1(1) by selling bingo equipment to bingo hall lessors which were not licensed charitable organizations and the Board did not abuse its discretion in suspending Minnesota Tipboard's license for the violation.

Affirmed.