277 N.J. Super. 545 (1994)
649 A.2d 1349
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
PAUL M. MOSS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 10, 1994.
Decided December 6, 1994.
*546 Before Judges MUIR, Jr., D'ANNUNZIO, and EICHEN.
John J. Fahy, Bergen County Prosecutor, attorney for appellant (Stuart A. Minkowitz, Assistant Prosecutor, of counsel and on the letter brief; John J. Scaliti, Asst. Prosecutor, on the letter brief).
Linda George, attorney for respondent (Ms. George, of counsel; Jon P. LeTendre, on the letter brief).
The opinion of the court was delivered by MUIR, JR., J.A.D.
On leave granted, the State appeals from an order suppressing evidence seized after an automobile stop. The order followed a trial court ruling that the stop of defendant's motor vehicle was illegal. We reverse.
A Palisades Park police officer stopped defendant for failing to signal when making a left-hand turn. The officer testified defendant's vehicle was stopped immediately in front of his police car for a red traffic light at the intersection of the Routes 1 and 9 south ramp and Broad Avenue in Palisades Park. Both cars were in the left lane. Another car was in the right lane. When the traffic light turned green, with no turn indication of any kind, defendant drove his vehicle into the middle of the intersection and braked suddenly. Defendant then, without any turn signal, made a left turn onto Broad Avenue. Although traffic was light, there was other traffic on Broad Avenue. After the stop, the officer observed in plain view a .32 caliber revolver on the car floor. The officer later determined the revolver was loaded with hollow-nose bullets. A subsequent search of defendant turned up another loaded handgun.
*547 The officer relied on N.J.S.A. 39:4-126 to make the stop. To the extent pertinent, that statute provides:
No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in section 39:4-123 ... and until such movement can be made with safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided in the event any other traffic may be affected by such movement.

[emphasis added]
The statute then goes on to provide the manner in which a mechanical, electrical, or manual signal must be given.
It is well settled that courts may not disregard plain statutory language. In the words of the late Chief Justice Vanderbilt, "[a] clear and unambiguous statute is not open to construction or interpretation, and to do so in a case where not required is to do violence to the doctrine of the separation of powers." Watt v. Mayor and Council of Borough of Franklin, 21 N.J. 274, 277, 121 A.2d 499 (1956). Put another way, where the language of a law is clear, courts are not free to replace it with unenacted legislative intention, for to do so leads the judiciary into undemocratic law making.
N.J.S.A. 39:4-126 is clear and unambiguous when its terms are given their ordinary and well understood meaning. See Levin v. Township of Parsippany-Troy Hills, 82 N.J. 174, 182, 411 A.2d 704 (1980). The key words in the statute are "may be affected by such movement." The common ordinary meaning of the word "may" is "to be in some degree likely to." Webster's Third New International Dictionary 1396 (1981). As such, the key words do not project a requirement that a turn movement must affect other traffic but merely that it has the potential of doing so.
Here, clearly there was other traffic that to some degree was likely to be affected by the left turn of defendant's vehicle. Both the police vehicle immediately behind the turning vehicle and the other traffic on Broad Avenue had that potential. Consequently, defendant's failure to make a turn signal violated the statute and made the motor vehicle stop legal. See Delaware v. *548 Prouse, 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660, 673 (1979).
The trial court relied on State v. Williamson, 270 N.J. Super. 318, 637 A.2d 195 (App.Div.), certif. granted, 136 N.J. 298, 642 A.2d 1007 (1994), to reach its conclusion. We do not read Williamson to countervail our holding. However, to the extent that Williamson can be read to interpret the statute to require that a turn movement must affect other traffic, we disagree with it.
Reversed.