**STATE of Minnesota, Appellant,**

v.

**Arthur Jab JONES, Jr., Respondent.**

**No. C4–02–561.**

Court of Appeals of Minnesota.

Aug. 13, 2002.

Mike Hatch, Attorney General, St. Paul, and Jay M. Heffern, Minneapolis City Attorney, Julie L. Delgado O'Neil, Assistant City Attorney, Minneapolis, for appellant.

Leonardo Castro, Chief, 4th District Public Defender, Barbara S. Isaacman, Assistant Public Defender, Minneapolis, for respondent.

Considered and decided by TOUSSAINT, Chief Judge, RANDALL, Judge, and HARTEN, Judge.

## OPINION

HARTEN, Judge.

The state challenges a pretrial order suppressing evidence of driving after revocation and failure to provide proof of insurance. The state argues that the district court erred in ruling that the applicable traffic code provision prohibits lane changes without signaling only on high-

ways, not on city streets, and therefore the police did not have a lawful basis to stop respondent's vehicle. Because we find that the applicable statute requires a motorist to signal lane changes on city streets, we reverse.

## FACTS

Under Minnesota law,

[n]o person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in this section, or turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a highway unless and until the movement can made with reasonable safety after giving an appropriate signal in the manner hereinafter provided.

Minn.Stat. § 169.19, subd. 4 (2000).

On 18 December 2001, Minneapolis police officers observed respondent Arthur Jones, Jr. change lanes without signaling while driving on a city street. The officers stopped respondent's vehicle. Because respondent was unable to provide the officers with a driver's license or proof of insurance, respondent was issued citations for failing to provide proof of insurance, Minn.Stat. § 169.791, subd. 2 (2000), and driving after revocation, Minn.Stat. § 171.24, subd. 2 (2000).

At a subsequent district court hearing, the parties submitted the case on stipulated facts. The district court found that Minn.Stat. § 169.19, subd. 4, was ambiguous as to whether it applies to highways only or highways and city streets and construed the statute against the state. Concluding that respondent was driving on a city street and not a highway, the district court held that the stop of respondent's vehicle was invalid. The state appeals.

## ISSUE

■ Does Minn.Stat. § 169.19, subd. 4, require motorists driving on city streets to signal lane changes?

## ANALYSIS

■ Generally, this court does not overturn a pretrial order of the district court unless the state demonstrates clearly and unequivocally that the trial court erred in its judgment and that, unless reversed, the error will have a critical impact on the outcome of the trial.

*State v. Robb*, 605 N.W.2d 96, 99 (Minn. 2000) (quotation omitted). But in cases where, as here, the district court's finding is based on an interpretation of law, we review de novo. *Id.* at 99.

Police officers stopped respondent motorist after they observed him change lanes without signaling on Hennepin Avenue. Respondent argues that this was an invalid stop because Minn.Stat. § 169.19, subd. 4, requires motorists to signal lane changes on "highways," not streets. The traffic regulations define a "[s]treet or highway" as

the entire width between boundary lines of any way or place when any part thereof is open to the use of the public, as a matter of right, for the purposes of vehicular traffic.

Minn.Stat. § 169.01, subd. 29 (2000). Thus, the statute gives a single definition to "street or highway." The state asserts that this single definition indicates that the legislature intended that "street" and "highway" be applied interchangeably throughout the traffic code to any area open to public vehicular traffic, which would include a city street.

Respondent argues that the district court correctly interpreted Minn.Stat. § 169.19, subd. 4, because the statute re-

quires the driver to signal a turn on all roadways but only to signal lane changes on highways. The traffic regulations define "roadway" as part of a "highway," specifically "that portion of a highway improved, designed, or ordinarily used for vehicular traffic." Minn.Stat. § 169.01, subd. 31 (2000). Accordingly, any use of the word "roadway" in Minn.Stat. § 169.19, subd. 4, encompasses the definition of "highway." Following respondent's definition of "highway" as excluding a city streets, a motorist would not be required to signal a turn at an intersection or when making a lane change on a city street.

In interpreting statutes, this court may assume that the legislature did not intend an absurd result. *See* Minn.Stat. § 645.17 (2000). Requiring a motorist to signal a turn or a lane change only on highways and not busy city streets would be an absurd result.

 Moreover, assuming, without deciding, that section 169.19, subd. 4, is ambiguous, the ambiguity is not resolved against the state. Admittedly, ambiguity in criminal statutes should be resolved in favor of lenity towards a defendant. *State v. Orsello,* 554 N.W.2d 70, 74 (Minn.1996). However, traffic regulations in Minnesota are petty misdemeanors unless otherwise specified Minn.Stat. § 169.89, subd. 1 (2000). Petty misdemeanors are not considered crimes. Minn. R.Crim. P. 23.06. We have specifically held that Minn.Stat. § 169.19, subd. 4, is not a penal statute and is not subject to the rule of strict construction. *See State v. Bissonette,* 445 N.W.2d 843, 845 (Minn.App.1989). Rather, we interpret a petty misdemeanor traffic regulation as we would interpret a public health and safety statute, that is, liberally to "effect [its] purpose." *Id.* Respondent's interpretation of the statute would endanger vehicles and pedestrians on streets, contrary to the purpose of the

traffic regulations. *See id.* (petty misdemeanor traffic regulations are to be construed in favor of public safety). Accordingly, we conclude that section 169.19, subd. 4, prohibits changing lanes without signaling on city streets.

### DECISION

 Because respondent violated Minn. Stat. § 169.19, subd. 4, when he changed lanes without signaling on a city street, the police stop of his vehicle was lawful.

**Reversed and remanded.**