**STATE of Minnesota, Respondent,**

v.

**Jonathan David EAKINS, Appellant.**

**No. A05–1453.**

Court of Appeals of Minnesota.

Aug. 29, 2006.

Mike Hatch, Attorney General, St. Paul, MN, and Jennifer M. Inz, Gregerson, Rosow, Johnson & Nilan, Ltd., Minneapolis, MN, for respondent.

Howard S. Carp, Borkon, Ramstead, Mariani, Fishman & Carp, Ltd., Minneapolis, MN, and Teresa Nelson, Legal Counsel, ACLU–MN, St. Paul, MN, for appellant.

Considered and decided by ROSS, Presiding Judge; SHUMAKER, Judge; and WRIGHT, Judge.

## OPINION

SHUMAKER, Judge.

Appellant Jonathan David Eakins was cited for owning a motor vehicle that failed to stop at the warning lights and stop-signal arm of a school bus. On appeal, he argues that the statute is unconstitutional because it violates the owner's right to due process by creating an irrebuttable presumption or an irrational rebuttable presumption that the owner of the car was the driver, or by criminalizing car ownership generally. He also argues that his Fifth and Sixth Amendment rights were violated during the evidentiary hearing. We affirm.

## FACTS

At about 3:50 p.m. on October 28, 2004, school-bus driver Alexander Karisik stopped his bus on a public street in Eden Prairie to allow children to get off. Approximately 150 feet before his stop, Karisik activated his flashing amber lights. By the time he stopped the bus, he had activated his flashing red lights and had extended the bus's stop-signal arm. He then noticed a car coming from the opposite direction that did not appear to be slowing down. In disregard of the flashing red lights and the stop-signal arm, the driver passed by the bus and continued down the road. Karisik could not describe the driver but he was able to identify the car as a gray Pontiac sedan with Minnesota license plate number GZX–636. After Karisik completed a "School Bus Arm Violation Form," an Eden Prairie police officer investigated and determined that the car was registered to appellant Jonathan David Eakins. The officer mailed a citation to Eakins charging him with being the owner of a vehicle that violated the school-bus-safety law. Minn.Stat. § 169.444, subd. 1 (2004).

Eakins pleaded not guilty and moved to dismiss the charge. The court denied the motion, held a bench trial, and found Eakins guilty of the petty misdemeanor of being the owner of a violating vehicle. On appeal, Eakins challenges his conviction and the constitutionality of that portion of the statute that penalizes the owner of a vehicle for a violation of the school-bus-safety law.

## ISSUES

1. Does Minn.Stat. § 169.444, subd. 6 (2004), violate a defendant's right to due process under the United States Constitution or Minnesota Constitution by creating an irrebuttable presumption or a limited but illegitimate rebuttable presumption that the owner was the driver of the vehicle, or by criminalizing car ownership generally?

2. Does Minn.Stat. § 169.444, subd. 6, impermissibly shift the burden of proof to the defendant to prove that he was not the owner of the vehicle?

3. Was Eakins compelled to testify at the evidentiary hearing to prove that he was not the owner of the motor vehicle and was the evidence sufficient to show Eakins was the owner of the vehicle?

4. Was the evidence sufficient to establish a violation of section 169.444 (2004)?

## ANALYSIS

*Constitutionality of the Law*

Minn.Stat. § 169.444, subd. 6 (2004), provides that if a motor vehicle is operated so as to violate the school-bus-safety law by not stopping when a bus's red lights are flashing and its stop-signal arm is extended, "the owner of the vehicle ... is guilty of a petty misdemeanor." The law provides exceptions if another person is convicted of the violation or if the vehicle was stolen. *Id.*

■ Eakins contends that the law is unconstitutional in that it denies due process by creating an improper presumption or by criminalizing motor-vehicle ownership. He argues that the statute creates a presumption "that the owner of the vehicle was the driver at the time of the violation." He also urges that the law unconstitutionally forces the owner of a violating motor vehicle to testify against himself.

Eakins relies almost entirely on criminal-caselaw authorities and principles of criminal law in support of his arguments. But in Minnesota a statutory violation for which no penalty of incarceration is permissible is not classified as a crime. *See* Minn.Stat. § 609.02, subd. 1 (2004) (defining "crime" as conduct for which imprisonment may be imposed); Minn.Stat. § 609.02, subd. 4a (2004) (providing that a petty misdemeanor is punishable only by a fine and not by incarceration). Thus, even if the statute here creates a presumption of some sort, it does not run afoul of the proscription against presumptions in criminal cases, at least for purposes of our analysis of the constitutionality of the statute under review.

■ Furthermore, we interpret petty-misdemeanor traffic regulations not as criminal statutes but "as we would interpret a public health and safety statute, that is, liberally to 'effect [its] purpose.' " *State v. Jones,* 649 N.W.2d 481, 484 (Minn. App.2002) (quoting *State v. Bissonette,* 445 N.W.2d 843, 845 (Minn.App.1989)).

■ The constitutionality of a statute is purely a question of law, which is reviewed de novo on appeal. *State v. Wright,* 588 N.W.2d 166, 168 (Minn.App. 1998), *review denied* (Minn. Feb. 24, 1999). Statutes are presumptively constitutional and "should be declared unconstitutional only when absolutely necessary." *Estate of Jones by Blume v. Kvamme,* 529 N.W.2d 335, 337 (Minn.1995) (quotation omitted). A party who challenges a statute as being unconstitutional must prove the alleged unconstitutionality beyond a reasonable doubt. *Id.*

■ Under the Fourteenth Amendment to the Constitution of the United States and Article I, section 7, of the Minnesota Constitution, no person shall be deprived of life, liberty, or property without due process of law. When a statute does not involve a suspect classification or a fundamental right, it need only be related rationally to a legitimate governmental purpose to survive a due-process challenge. *Arcadia Dev. Corp. v. City of Bloomington,* 552 N.W.2d 281, 288 (Minn.App.1996), *review denied* (Minn. Oct. 29, 1996). Eakins has not argued that motor-vehicle ownership is either a suspect classification or a fundamental right for purposes of due-process analysis.

■ "Legislation will fail rational basis review only when it rests on grounds irrelevant to the achievement of a plausible governmental objective." *Id.* Under the Minnesota Constitution, legislation is constitutional as long as it "serves to promote a public purpose; is not unreasonable, ar-

bitrary, or capricious interference with a private interest; and the means chosen bear a rational relation to the public purpose sought to be served." *Id.*

Eakins argues that, before the statute in question can "be constitutional, there must be some rational connection linking the status of an owner (not the status as a motorist) with the activity of illegally passing a bus."

We can discern the broad purpose of section 169.444 (2004) through labels and content. The section is titled "Safety of school children; Duties of other drivers." Subdivision 1, describing the duty to stop, is titled "Children getting on or off school bus." The statute requires drivers to stop for school buses when children are getting on or off and provides penalties for the failure to do so. Thus, the aim of the statute is to protect school children from being struck by motor vehicles when the children are on or near streets and highways because they are entering or leaving school buses.

Eakins does not seem to quarrel with the obvious broad safety purpose of the statute but rather he disputes the connection of that purpose to the mere status of being a vehicle owner who might not also have been the driver who violated the school bus safety duties.

The school-bus-safety law in section 169.444 can be violated only through the instrumentality of a motor vehicle. The law encourages drivers to take special precautions when children are on or near a road by sanctioning the failure to do so. But the owner of a motor vehicle might allow another to operate it, and the operator *might do so unsafely.* By sanctioning the owner, if the driver cannot be held accountable, the law encourages owners of motor vehicles to allow usage by only those operators who are law-abiding and who will not likely violate safety laws. It

further encourages owners to instruct operators to be careful and to obey traffic laws. The aim of the statute is to protect the safety of school children. By applying its reach to both the user of the instrumentality that *can harm those children* and the owner who can decide who shall be allowed to be a user, the legislature has taken a clearly rational measure to discourage the unsafe operation of motor vehicles while school children are getting on and off school buses. Put more bluntly, the owner of a car is more likely to withhold use of that car from an unsafe driver if the owner knows that he can be held civilly responsible for certain traffic violations of the driver. And, of course, without the instrumentality of the motor vehicle being operated by an unsafe driver in the presence of school children, the children are protected at least from one significant danger.

Additionally, legislation in Minnesota in which a vehicle owner may have civil liability for traffic violations by a driver who is not also the owner is not unprecedented. For example, owners of motor vehicles that fail to yield to emergency vehicles or violate railroad-crossing signals may be found guilty of petty misdemeanors in the absence of convictions of the actual drivers. Minn.Stat. § 169.20, subd. 5b(a) (2004) (owner liable if vehicle fails to stop for railroad-crossing signal). Likewise, a vehicle owner may be liable for accidents involving a nonowner driver. Minn.Stat. § 170.54 (2004).

With respect to Eakins's contention that the statute "criminalizes" mere car ownership, we reiterate that the statute provides no criminal penalty for the owner and note that the statute sanctions only car usage but also imposes liability on both the actual user and the party who

made the use possible. There is no penalty for mere ownership of a motor vehicle.

■ Eakins contends that the statute creates an unconstitutionally impermissible presumption that he, as owner of the vehicle, was also the driver. The statute creates no presumption whatsoever, but rather reaches two classes of individuals connected with the instrumentality used to violate the law, namely, the actual user of the instrumentality and the owner who has the right to allow or disallow the use of the instrumentality. No presumption arises under the statute as to either class, and there is no vicarious liability imposed. The owner is penalized, not vicariously but directly, because his instrumentality was used to violate the law.

■ Eakins's final constitutional challenge is that section 169.444 shifts the burden of proof to the owner to prove that he is not guilty and compels him to testify against himself. The statute requires the state to prove a violation of the statute and the identity of the owner of the vehicle used to violate the statute. The owner has no burden of proof at all. But he may by way of defense show that he was not the owner of the vehicle, or that the vehicle was stolen, or that another has already been convicted of the violation, or he may present evidence as to the identity of the likely driver. Furthermore, he may challenge the vehicle-identification evidence without actually testifying. We find nothing in this law that requires an owner to prove anything or to testify against himself. Rather, he has all the same options any defendant charged with violating a statute has, including applicable affirmative defenses.

*Sufficiency of the Evidence*

■ Eakins challenges his conviction, arguing that "there was a sketchy identification of the defendant's alleged motor vehicle." He questions the accuracy and the reliability of the testimony of the bus driver who discarded both his notes and his tape-recorded description before the trial.

This court applies the same standard regarding the sufficiency of the evidence to the review of a trial without a jury as it does to a jury trial. *State v. Totimeh,* 433 N.W.2d 921, 924 (Minn.App.1988), *review denied* (Minn. Feb. 22, 1988). Our review is limited to a painstaking analysis of the record to determine whether the evidence, when viewed in the light most favorable to the determination, was sufficient to allow the fact-finder to make that determination. *State v. Webb,* 440 N.W.2d 426, 430 (Minn. 1989). We also must assume that the fact-finder believed the state's witnesses and disbelieved any evidence to the contrary. *State v. McKenzie,* 511 N.W.2d 14, 17 (Minn.1994).

Eakins notes that the evidence showed that the weather and lighting conditions were poor and the bus driver "was obviously distracted." He also indicates that it was raining, the roads were wet, and the bus driver testified that he believed the driver had enough time to stop but did not attempt to do so. He argues that these facts raise an issue of whether the driver had some impediment to seeing the stop-signal arm and the suggestion that the court would have to assume that the driver saw the arm and chose to ignore it.

There was evidence that the bus's flashing red lights were on and the stop-signal arm was extended well before the car approached the bus, that the car did not stop, that the bus driver saw and copied down the license number, and that Eakins was the registered owner of that car. There was sufficient evidence to establish the elements of the charge beyond a reasonable doubt. Eakins raises conjecture as to

credibility, but he shows no reason as to why or how the court might have resolved credibility issues improperly. Furthermore, credibility determinations are the exclusive province of the district court and will not be disturbed on appeal absent a showing of clear error. *DeMars v. State,* 352 N.W.2d 13, 16 (Minn.1984).

## DECISION

Minn.Stat. § 169.444, subd. 6(a) (2004), does not create a presumption that the owner of the vehicle was the driver of the car, nor does it criminalize car ownership generally. Because this statute is rationally related to the legitimate government interest of protecting school children riding school buses, it does not violate a defendant's due-process rights under both Minnesota and the United States constitutions. Additionally, the evidence was sufficient to show both a violation of the school-bus-safety law and the identity of the registered owner of the violating vehicle.

**Affirmed.**