JUDGMENT

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments by the parties. Upon consideration of the foregoing, it is
ORDERED and ADJUDGED that the judgment of the district court be affirmed.
Kevin Quattlebaum was arrested after police officers found crack cocaine in a truck in which he was a passenger. The district court denied his motion to suppress the crack cocaine, finding that the police had probable cause to stop the truck for making a left turn without signaling and probable cause to search the truck after they detected the odor of marijuana coming from inside the vehicle.
The Federal Rules of Criminal Procedure require a party to make any “defense, objection, or request” relating to suppression before trial begins; failure to do so constitutes waiver. Fed.R.Crim.P. 12(b)(3)(C), 12(e). Quattlebaum raises two arguments on appeal that he failed to raise at the suppression hearing. He first contends that the police lacked probable cause to stop his truck for violating the District of Columbia’s turn signal regulation because the regulation only requires a signal “if any other traffic may be affectéd by the movement.” D.C. Mun. Regs. tit. 18 § 2204.3. Merely raising the larger issue whether the police had probable cause, as Quattlebaum did, did not preserve this issue. A criminal defendant must “make clear the basis of [his] objections” so that the district court can “consider [his] particular argument” before appeal. United States v. Mitchell, 951 F.2d 1291, 1296-97 (D.C.Cir.1991) (quoting United States v. Bailey, 675 F.2d 1292, 1294 (D.C.Cir.1982)); see also United States v. Hewlett, 395 F.3d 458, 460 (D.C.Cir.2005). Quattlebaum failed to meet this requirement.
Appellate courts generally do not review waived arguments unless there was “good cause” for the failure to raise the argument. See, e.g., United States v. Gonzales, 927 F.2d 139, 143-44 (3rd Cir.1991). There was no good cause here. Even if there were, we would reject Quattlebaum’s argument. The broad language of D.C. Mun. Regs. tit. 18 § 2204.3 suggests that a driver violates the law if he fails to signal a turn when other vehicles — including police cars — are close enough to his vehicle that they might have to alter their driving in any way due to the turn. Courts interpreting identical statutes have held that a driver violates the law by failing to signal when trailed by a police car, United States v. Burkley, 513 F.3d 1183, 1187 (10th Cir.2008); State v. Williamson, 138 N.J. 302, 650 A.2d 348, 349 (1994); People v. Miranda, 17 Cal.App.4th 917, 930, 21 Cal.Rptr.2d 785 (Cal.Ct.App.1993), or where other traffic is present, State v. Moss, 277 N.J.Super. 545, 649 A.2d 1349, 1350 (N.J.Super.Ct.App.Div.1994). Here, one police car was directly behind Quattlebaum’s vehicle when it made the left turn and another was traveling towards the vehicle from the opposite direction. Either could have been affected by the turn.
Quattlebaum also argues that the tactics used during the traffic stop — the police handcuffed him when he exited his vehicle — converted the stop into an unlawful arrest. Not only did Quattlebaum fail to raise this issue in his motion to suppress, he expressly waived it. The motion conceded that “[i]t does not appear that [the] Defendant was ax-rested at the time of the stop.” As a result, the facts relevant to the question whether Quattlebaum was arrested before or after the police *757 found the crack cocaine were not developed at the suppression hearing. The waiver provisions of the Federal Rules of Criminal Procedure must apply in such a situation.
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.