STATE of Minnesota, Respondent,

v.

Robert Leo DOEBEL, Appellant.

No. A10–242.

Court of Appeals of Minnesota.

Nov. 23, 2010.

Lori Swanson, Attorney General, St. Paul, MN; and James C. Backstrom, Dakota County Attorney, Vance B. Grannis, III, Assistant County Attorney, Hastings, MN, for respondent.

Paul W. Rogosheske, Rogosheske, Sieben, Atkins & Pugh, LLC, South St. Paul, MN, for appellant.

Considered and decided by
BJORKMAN, Presiding Judge;
KALITOWSKI, Judge; and COLLINS,
Judge.*

## OPINION

KALITOWSKI, Judge.

Law enforcement stopped appellant for failing to signal a lane change. Appellant, who was subsequently convicted of controlled-substance crime and driving while intoxicated (DWI), challenges the legality of the traffic stop. Appellant contends that a driver is not required to signal a lane change made pursuant to Minn.Stat. § 169.18, subd. 11(a).

## FACTS

Following the traffic stop of his vehicle, appellant Robert Leo Doebel was charged with several crimes. Appellant moved to dismiss the charges. At the contested omnibus hearing, the sole issue was the legality of the traffic stop.

After the hearing, the district court found that a Dakota County sheriff's deputy had stopped appellant's vehicle because appellant failed to signal a lane change. The deputy had been driving westbound on a four-lane divided highway when he saw appellant's vehicle travel from the right lane to the left lane without signaling. The district court also found: "There was another emergency vehicle parked on the shoulder of the highway but no evidence was presented that [appellant] was required to make an abrupt lane change to avoid hitting the parked emergency vehicle." The district court concluded that the traffic stop was legal and denied appellant's motion to dismiss.

Appellant stipulated to the prosecution's case, preserving the issue of the legality of the traffic stop for appeal. *See* Minn. R.Crim. P. 26.01, subd. 4 (implementing and superseding procedure authorized in *State v. Lothenbach,* 296 N.W.2d 854, 857–58 (Minn.1980)). The district court found appellant guilty of fifth-degree controlled-substance crime (possession of cocaine) and third-degree DWI (test refusal) and dismissed the other charges.

## ISSUE

Does the statutory requirement to signal a lane change, Minn.Stat. § 169.19, subd. 4, apply to a lane change made pursuant to Minn.Stat. § 169.18, subd. 11(a)?

## ANALYSIS

Statutory interpretation is an issue of law, which we review de novo. *State v. Anderson,* 683 N.W.2d 818, 821 (Minn.2004). We also review de novo questions of reasonable suspicion and a district court's determination regarding a traffic stop. *Wilkes v. Comm'r of Pub. Safety,* 777 N.W.2d 239, 242–43 (Minn.App. 2010).

If a law-enforcement officer has a reasonable, articulable suspicion of criminal activity, a brief investigatory stop does not violate the constitutional prohibitions

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

against unreasonable searches and seizures. *State v. Timberlake,* 744 N.W.2d 390, 393 (Minn.2008). An officer's observation of a traffic violation, "however insignificant," provides the officer with an objective basis for conducting a stop. *State v. George,* 557 N.W.2d 575, 578 (Minn. 1997). Minnesota law provides that no person shall "move right or left upon a highway unless and until the movement can be made with reasonable safety after giving an appropriate signal." Minn.Stat. § 169.19, subd. 4. Minnesota law also requires a driver to change lanes to avoid stopped emergency vehicles:

> When approaching and before passing an authorized emergency vehicle with its emergency lights activated that is parked or otherwise stopped on or next to a street or highway having two lanes in the same direction, the driver of a vehicle shall safely move the vehicle to the lane farthest away from the emergency vehicle, if it is possible to do so.

Minn.Stat. § 169.18, subd. 11(a).

Appellant argues that his failure to signal the lane change is not a traffic violation because he made the lane change pursuant to section 169.18, subdivision 11(a), which does not contain an explicit signal requirement. We disagree.

■ Where, as here, the parties agree to the facts, this court determines only whether the district court properly construed the statutes. *See State v. Bissonette,* 445 N.W.2d 843, 844 (Minn.App. 1989) (limiting review to statutory construction when facts are undisputed). Where the text of a law is plain and unambiguous, a court must not engage in any further construction. *Anderson,* 683 N.W.2d at 821. Statutes are ambiguous when their language is subject to more than one reasonable interpretation. *Id.* at 822. Section 169.19, subdivision 4, "requires the use of a turn signal when chang-

ing lanes on a highway." *Bissonette,* 445 N.W.2d at 845–46. Section 169.18, subdivision 11(a), describes a particular situation in which a lane change shall be made, if it is safe to do so. We conclude that neither provision is ambiguous. We therefore do not reach appellant's arguments about legislative intent.

■ Appellant argues that the two statutory provisions here are in conflict because one of them is silent as to whether a turn signal is required. "When a general provision in a law is in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both." Minn.Stat. § 645.26, subd. 1 (2008). The general provision here is section 169.19, subdivision 4, which requires the use of a turn signal when changing lanes on a highway; the specific provision is section 169.18, subdivision 11(a), which requires a lane change to be made in a specific situation. We give effect to both provisions by holding that a driver must follow the signal requirement of section 169.19, subdivision 4, when making a lane change pursuant to section 169.18, subdivision 11(a). *Cf. Bissonette,* 445 N.W.2d at 844–46 (holding that there is no irreconcilable conflict between (1) the requirement in section 169.18, subdivision 7, that a driver must ascertain that a lane change can be made with reasonable safety and (2) the turn-signal requirement of section 169.19, subdivision 4; and rejecting the argument that no signal is required if a lane change can be made with reasonable safety).

Because appellant does not challenge the district court's finding that appellant was not required to make an abrupt lane change to avoid striking the parked emergency vehicle, we do not reach the issue of whether an unsignaled lane change made in such a situation would constitute a traffic violation.

## DECISION

 Because appellant failed to signal a lane change, the law-enforcement officer had an objective basis for conducting the traffic stop notwithstanding appellant's contention that the lane change was made pursuant to section 169.18, subdivision 11(a).

**Affirmed.**