650 A.2d 348

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. CHARLES
H. WILLIAMSON, DEFENDANT–RESPONDENT.

Argued November 28, 1994—Decided December 19, 1994.

*Stephanie P. Tettemer*, Chief Assistant Prosecutor, argued the cause for appellant (*John J. O'Reilly*, Warren County Prosecutor, attorney).

*Joseph P. Rem, Jr.*, argued the cause for respondent (*Monaghan, Rem & Zeller*, attorneys; *Laura G. Degnan*, on the brief).

*Anne C. Paskow*, Assistant Attorney General, argued the cause for *amicus curiae*, Attorney General of New Jersey (*Deborah T. Poritz*, Attorney General, attorney; *Nancy Peremes Barton*, Deputy Attorney General, of counsel and on the brief).

PER CURIAM.

This case concerns the validity of a search following an automobile stop. The Appellate Division remanded the matter for a new hearing on defendant's motion to suppress drugs seized from his car. The facts of the case are set forth in the opinion of the Appellate Division, 270 *N.J.Super.* 318, 637 *A.*2d 195 (1994).

We granted certification, 136 *N.J.* 298, 642 *A.*2d 1007 (1994), to consider whether the Appellate Division's opinion placed too great a burden on the State to justify the stop. The specific concerns that the State raises are whether the Appellate Division incorrectly held that "the State was required to prove that defendant's moving from the center to the right lane of [traffic actually] 'affected' other traffic within the meaning of *N.J.S.A.* 39:4–126 * * *"; and whether the Appellate Division incorrectly equated the evidence needed to stop or arrest with the evidence needed to convict.

*N.J.S.A.* 39:4–126 requires a motorist to signal a lane change "in the event any other traffic *may* be affected by such movement." (Emphasis added.) The statute, however, does not require that a signal be given *whenever* a lane change is made. In this case, a State trooper testified that while driving in the left lane on a three-lane divided highway, he observed defendant, driving a few car lengths ahead, move from the center lane into the right lane

without a signal.  The trooper stopped defendant's vehicle on that basis.

We agree with the State that it need not establish that the move actually affected traffic.  That is not the language of the statute.  We further agree that the State need not prove that a motor-vehicle violation occurred as a matter of law.  Constitutional precedent requires only reasonableness on the part of the police, not legal perfection.  Therefore, the State need prove only that the police lawfully stopped the car, not that it could convict the driver of the motor-vehicle offense.  The Attorney General emphasized, and we agree, that "the trooper needed only a reasonable and articulable suspicion that defendant's failure to signal may have affected other traffic * * *."  "[O]ther traffic" could include a trooper's vehicle.  The language—may affect traffic—implies that traffic that may be affected is fairly close and visible, and that the signal need not be dictated solely by concerns of safety and accident avoidance.  Motorists in the vicinity whose movements may be affected must be made aware of a driver's intentions.  *See State v. Moss,* 277 *N.J.Super.* 545, 649 *A.*2d 1349 (App.Div.1994) (explaining that common dictionary meaning of "may" is "to be in some degree likely to" and holding that there was other traffic that to some degree was likely to be affected by the turn of defendant's vehicle).

The record below does not contain an articulation of such factors as the objective basis for the stop.  The oral argument before us did not dispel the need for such a record.  The only evidence of which we are aware is that the motorist was moving away from the trooper's car, movement that would appear to facilitate the movement of the trooper's car.

The statute does not require a signal for every lane change.  Perhaps it should.  Because the statute does not contain such a requirement, the officer ordering a stop must have some articulable basis for concluding that the lane change might have an effect on traffic.

The hearing on the motion to suppress focused not on that issue, but on the more conventional issues of what conduct, after the stop, authorized the search of the car. The testimony was in sharp conflict. Defendant insisted that no contraband was in plain view and the trooper told him that he (the trooper) had the right to search the vehicle (in defendant's view) without any probable cause.

Only a few sentences in the transcript of the hearing address the validity of the stop. The questions posed to the trooper were:

Q. And what motor vehicle violation did you observe?

A. I observed the vehicle without signal and warning just change lanes from the center lane over into the right lane. Again this is within a few car lengths ahead of me, I was in the left lane.

\* \* \* \* \* \* \* \*

Q. \* \* \* [W]hat motor vehicle offense had occurred in your opinion?

A. Failing to properly signal a lane change.

Defendant testified that the trooper had been following him "for two or three miles to the point where I thought I was doing something wrong so I got out of that lane and I put my turn signal on and got in the slower lane." Defendant stated that the trooper said, "you didn't turn on your blinker."

The trooper may have thought that any lane change without a signal violates the statute. The Law Division's only reference to the issue was:

[The trooper] was traveling westbound in Knowlton Township in the left lane when he observed a car in front of him in the center lane that he described as a white Dodge traveling in the same direction. He observed the [defendant's] vehicle without signals or warning lights change from the center lane to the right lane. He perceived that to be a violation of the motor vehicle act and therefore stopped the vehicle in order to cite the operator for a motor vehicle violation, that being failing to signal upon a lane change.

Given the scourge of drugs in our society, to insist on resolving the validity of a traffic stop once drugs are found may appear to be a small point. The statute, however, defines the motor-vehicle violation that justifies the stop in terms of whether the failure to signal may have affected any other traffic. The hearing below did not address that question. Whether the trooper had an objective

basis to believe that a traffic violation had occurred must be determined.

The remand of the Appellate Division is affirmed. Further proceedings shall be in accordance with this opinion.

*For affirmance*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.