878 A.2d 857 (2005)
379 N.J. Super. 378
STATE of New Jersey, Plaintiff-Respondent,
v.
Christopher PUZIO, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted July 5, 2005.
Decided August 1, 2005.
Maynard & Truland, attorneys for appellant (Joe B. Truland, Jr. on the brief).
Paula T. Dow, Assistant Attorney General/Acting Prosecutor Essex County, attorney for respondent (Debra G. Simms, Special Deputy Attorney General, on the brief).
Before Judges STERN, WEISSBARD and LISA.
The opinion of the court was delivered by
WEISSBARD, J.A.D.
Defendant Christopher Puzio appeals from his conviction of driving while intoxicated (DWI), N.J.S.A. 39:4-50, after a trial de novo in the Law Division[1]. The sole *858 issue raised on appeal relates to the validity of the motor vehicle stop which led to defendant's arrest. We conclude that the stop was unwarranted because the officer, who misunderstood the meaning of a statute, did not have an objectively reasonable basis for believing that defendant had committed a motor vehicle offense. Accordingly, we reverse.
The facts are quite simple and essentially undisputed. On May 26, 2004, defendant was operating a passenger vehicle, an Acura sports coupe, westbound on Bloomfield Avenue in Caldwell. Officer Pelligrino was on routine patrol, also traveling westbound about twenty feet behind defendant's car. Pelligrino was in the right lane of travel, defendant was in the left. Pelligrino's attention was attracted by the fact that defendant's car had commercial license plates, with the word "commercial" directly on the rear plate. Pelligrino's experience taught him that the "x" in defendant's license plate number  XC559H  also signified a commercial plate. Pelligrino called in the license plate to his headquarters and was informed that the car was registered to a business. Pelligrino noticed that there was no placard on the right side of the vehicle displaying the name and address of the business. As a result, Pelligrino moved to the left lane and was able to observe that there was no placard or identifying information on the left side either.
Based on his observations, Pelligrino believed that the vehicle was being operated in violation of N.J.S.A. 39:4-46a, which requires display of the business name and address on a commercial vehicle. Based on that belief, Pelligrino stopped the vehicle and made the observations that led to defendant's arrest. Defendant was issued summonses for DWI, failure to exhibit an insurance card, N.J.S.A. 39:3-29, and violation of N.J.S.A. 39:4-46a.
Defendant moved to suppress, arguing that the stop was unlawful. At the suppression hearing, Pelligrino conceded that he had no basis on which to stop defendant's car other than the apparent violation of N.J.S.A. 39:4-46a. The municipal court judge denied the motion, reasoning that the stop was made "in good faith and based on articulable suspicion." The judge found that the correct interpretation of the statute was not at issue, merely whether the officer "had a basis to make the stop, based on his belief. I find that it was a good faith belief." As a result, the officer had a right to stop the vehicle "to make further inquiry."
After denial of his motion, defendant entered a guilty plea to DWI and, pursuant to a plea agreement, the State agreed to dismissal of the other two charges. Defendant was sentenced to a seven-month suspension of driving privileges, twelve to forty-eight hours in an Intoxicated Driver Resource Center, as well as appropriate fines, penalties, costs, and surcharges. The penalties were stayed pending appeal.
On de novo review, the Law Division judge was also of the view that the proper interpretation of the statute was not an issue the court needed to resolve. Rather, "[t]he issue is whether or not the police officer had a reasonable and articulable suspicion to pull the driver over based on his interpretation of that statute." The judge concluded that the officer did have a reasonable articulable suspicion to stop the *859 car and therefore denied defendant's suppression motion. The judge also stayed the penalties imposed pending this appeal.
As both judges correctly observed, in order to justify a motor vehicle stop, the officer need only have "an articulable and reasonable suspicion that the driver has committed a motor vehicle violation." State v. Locurto, 157 N.J. 463, 470-71, 724 A.2d 234 (1999) (quoting State v. Smith, 306 N.J.Super. 370, 380, 703 A.2d 954 (App.Div.1997)). In this case, if N.J.S.A. 39:4-46a means what Pelligrino believed it meant, he clearly had an articulable and reasonable basis for the stop. The vehicle had commercial plates and was registered to a business, but had no business-identifying information visible on either side. The statute reads in pertinent part as follows:
Every vehicle used for commercial purposes on a street or highway, except for passenger automobiles and vehicles owned or leased by a pharmacy and utilized for the transportation or delivery of drugs, shall have conspicuously displayed thereon, or on a name plate affixed thereto, the name of the owner, lessee or lessor of the vehicle and the name of the municipality in which the owner, lessee or lessor has his principal place of business.... The sign or name plate shall be in plain view and not less than three inches high. Where available space for lettering is limited, either by the design of the vehicle or by the presence of other legally specified identification markings, making a strict compliance herewith impractical, the size of the lettering required by this section shall be as close to three inches high as is possible, within the limited space area, provided the name is clearly visible and readily identifiable.... No person shall operate or drive or cause or permit to be operated or driven on a road or highway a commercial vehicle, except for passenger automobiles and vehicles owned or leased by a pharmacy and utilized for the transportation or delivery of drugs, which does not conform hereto.
[N.J.S.A. 39:4-46a.]
Contrary to Pelligrino, we read the statute to clearly exclude defendant's car. By its plain and unambiguous terms the statute does not apply to "passenger vehicles." Defendant was indisputably driving a passenger automobile. The fact that the vehicle was registered to a business and had commercial license plates may well give rise to an inference that the vehicle was "used for commercial purposes," but those facts cannot convert a passenger vehicle into a non-passenger vehicle. We do not subscribe to the officer's reading of the statute, echoed by the State in its brief, that because defendant's car bore commercial license plates, it required business-identifying information. As we have stated, the statute already presumes that a vehicle is used for commercial purposes, a fact that would be confirmed by commercial plates, but nevertheless exempts passenger automobiles. Accordingly, we conclude that defendant's car was stopped based on an entirely erroneous reading of the statute.
There is a clear distinction between the present situation and those presented in cases where the officer correctly understands the statute but arguably misinterprets the facts concerning whether a vehicle, or operator, has violated the statute. In those cases, the courts have approved the motor vehicle stop because it is only necessary that the officer have a reasonable and articulable suspicion of a violation. In such circumstances, it is not necessary or relevant that the facts testified to by the officer actually support a finding of guilt beyond a reasonable doubt of the *860 statutory violation. See State v. Williamson, 138 N.J. 302, 650 A.2d 348 (1994) (changing lanes without signaling); State ex rel D.K., 360 N.J.Super. 49, 52-55, 821 A.2d 515 (App.Div.2003) (obscured license plate); State v. Cohen, 347 N.J.Super. 375, 790 A.2d 202 (App.Div.2002) (tinted windows significantly obstructing vision); State v. Murphy, 238 N.J.Super. 546, 554, 570 A.2d 451 (App.Div.1990) (failure of license plate to be conspicuously displayed); State v. Nugent, 125 N.J.Super. 528, 534, 312 A.2d 158 (App.Div.1973) (hanging license plate and broken light lens). In each of those cases, the officer entertained a reasonable belief that a traffic law had been violated. In each, the only dispute was whether the officer's factual observations established guilt beyond a reasonable doubt of the traffic offense, not whether the officer correctly interpreted the statute.
Although we review the decision of the Law Division judge, we note that the municipal court judge expressly referred to the officer's "good faith belief." Implicitly, the Law Division judge did the same by concluding that he need not resolve whether the officer's interpretation of the statute was correct. However, our courts have rejected a good faith exception to the Fourth Amendment exclusionary rule. State v. Novembrino, 105 N.J. 95, 157-58, 519 A.2d 820 (1987). Thus, despite the fact that the officer had an objectively reasonable belief in the validity of a search warrant, id. at 131-32, 519 A.2d 820, the officer's good faith belief could not save a warrant that was lacking in probable cause. The officer's belief must be objectively reasonable. Williamson, supra, 138 N.J. at 305-06, 650 A.2d 348; Murphy, supra, 238 N.J.Super. at 554-55, 570 A.2d 451. In this case, for reasons we have already discussed, the officer's belief was not objectively reasonable.
Although our courts have never addressed this precise issue, other jurisdictions have concluded that where an officer mistakenly believes that driving conduct constitutes a violation of the law, but in actuality it does not, no objectively reasonable basis exists upon which to justify a vehicle stop. United States v. Mariscal, 285 F.3d 1127, 1130-33 (9th Cir.2002); United States v. Twilley, 222 F.3d 1092, 1096 (9th Cir.2000); United States v. Lopez-Soto, 205 F.3d 1101, 1105-06 (9th Cir.2000); United States v. Lopez-Valdez, 178 F.3d 282, 288-89 (5th Cir.1999); United States v. Miller, 146 F.3d 274, 279 (5th Cir.1998); In re Joseph F., 85 Cal.App.4th 975, 102 Cal.Rptr.2d 641, 654-55 (2000) (Jones, P.J., dissenting), review denied (2001). "[T]he legal justification [for the vehicle stop] must be objectively grounded." Miller, supra, 146 F.3d at 279. Even under the good faith exception rejected in Novembrino, objective reasonableness is judged through the eyes of a reasonable officer acting "in accordance with governing law. To create an exception here would defeat the purpose of the exclusionary rule, for it would remove the incentive for police to make certain that they properly understand the law that they are entrusted to enforce and obey." Lopez-Soto, supra, 205 F.3d at 1106. If officers were permitted to stop vehicles where it is objectively determined that there is no legal basis for their action, "the potential for abuse of traffic infractions as pretext for effecting stops seems boundless and the costs to privacy rights excessive." Lopez-Valdez, supra, 178 F.3d at 289. We cannot countenance an officer's interference with personal liberty based upon an entirely erroneous understanding of the law.
*861 Officer Pelligrino had no objectively reasonable basis to support his conclusion that defendant's car was being operated in violation of N.J.S.A. 39:4-46a. As a result, his stop of the vehicle was unlawful and defendant's motion to suppress should have been granted.
Reversed.
NOTES
[1] We do not address whether the decision was appealable, notwithstanding the guilty plea, under Rule 7:5-2(c)(2), the municipal counterpart to Rule 3:5-7(d). Here, the transcript of defendant's guilty plea reflects that the prosecutor did not disagree with defendant's response to the court that "the defendant has a right to  to appeal the denial . . . of the suppression motion," to which the judge responded "okay." See e.g., State v. Greeley, 178 N.J. 38, 50-51, 834 A.2d 1016 (2003); State v. Diloreto, 362 N.J.Super. 600, 613, 829 A.2d 1123 (App.Div.2003), aff'd 180 N.J. 264, 850 A.2d 1226 (2004). See also R. 7:6-2(c).