NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1938-15T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

MARK GREEN, a/k/a MARK SCOTT, ALTON
GREEN, ALTUR GREEN and ANTON GREEN,

 Defendant-Appellant.
_____________________________

 Argued June 19, 2017 – Decided July 6, 2017

 Before Judges Fisher and Fasciale.

 On appeal from Superior Court of New Jersey,
 Law Division, Monmouth County, Indictment No.
 13-06-1139.

 Mark H. Friedman, Assistant Deputy Public
 Defender, argued the cause for appellant
 (Joseph E. Krakora, Public Defender, attorney;
 Mr. Friedman, of counsel and on the brief).

 Mary R. Juliano, Assistant Prosecutor, argued
 the cause for respondent (Christopher J.
 Gramiccioni, Monmouth County Prosecutor,
 attorney; Ms. Juliano, of counsel and on the
 brief; Anthony Valenzano, Legal Assistant, on
 the brief).

PER CURIAM
 After entering an open plea, defendant appeals from his

convictions for fourth-degree possession of a controlled dangerous

substance (CDS), N.J.S.A. 2C:35-10(a)(1); third-degree possession

of CDS with intent to distribute, N.J.S.A. 2C:35-5(b)(11); and

third-degree possession of CDS with intent to distribute within

1000 feet of a school, N.J.S.A. 2C:35-7.

 On appeal, defendant raises the following arguments:

 POINT I

 THE MOTION COURT ERRED IN DENYING THE MOTION
 TO SUPPRESS BECAUSE THE ORIGINAL STOP OF
 DEFENDANT'S VEHICLE WAS ILLEGAL AND
 UNCONSTITUTIONAL. THE STATE FAILED TO SHOW
 THAT THE POLICE HAD AN ARTICULABLE SUSPICION
 THAT DEFENDANT'S TURN WITHOUT [SIGNALING]
 MIGHT HAVE HAD AN EFFECT ON TRAFFIC.

 POINT II

 THIS CASE MUST BE REMANDED FOR RESENTENCING
 BECAUSE THE SENTENCING JUDGE'S BELIEF THAT HE
 WAS REQUIRED TO SENTENCE DEFENDANT TO A 36-
 MONTH PAROLE DISQUALIFIER ON A FIVE-YEAR BASE
 EXTENDED TERM CONFLICTED WITH THE PLEA
 AGREEMENT, WHICH SPECIFICALLY PROVIDED THAT
 DEFENDANT COULD BE SENTENCED TO A PAROLE
 DISQUALIFIER OF 20 MONTHS.

 When reviewing a motion to suppress, we "must uphold the

factual findings underlying the trial court's decision so long as

those findings are supported by sufficient credible evidence in

the record." State v. Rockford, 213 N.J. 424, 440 (2013) (quoting

State v. Robinson, 200 N.J. 1, 15 (2009)). "Those findings warrant

 2 A-1938-15T2
particular deference when they are 'substantially influenced by

[the trial judge's] opportunity to hear and see the witnesses and

to have the "feel" of the case, which the reviewing court cannot

enjoy.'" Ibid. (alteration in original) (quoting Robinson, supra,

200 N.J. at 15). "To the extent that the trial court's

determination rests upon a legal conclusion, we conduct a de novo,

plenary review." Ibid. (citing State v. J.D., 211 N.J. 344, 354

(2012); State v. Gandhi, 201 N.J. 161, 176 (2010)). In applying

this standard, we reject defendant's contention that the trial

judge erred by denying his motion to suppress.

 The United States and New Jersey Constitutions permit a brief

investigative stop of a vehicle based on reasonable suspicion

"that an offense, including a minor traffic offense, has been or

is being committed." State v. Amelio, 197 N.J. 207, 211 (2008)

(quoting State v. Carty, 170 N.J. 632, 639-40, modified by 174

N.J. 351 (2002)), cert. denied, 556 U.S. 1237, 129 S. Ct. 2402,

173 L. Ed. 2d 1297 (2009). An investigatory stop "is valid if it

is based on specific and articulable facts which, taken together

with rational inferences from those facts, give rise to a

reasonable suspicion of criminal activity." State v. Mann, 203

N.J. 328, 338 (2010) (quoting State v. Pineiro, 181 N.J. 13, 20

(2004)). "The burden is on the State to demonstrate by a

preponderance of the evidence that it possessed sufficient

 3 A-1938-15T2
information to give rise to the required level of suspicion."

Amelio, supra, 197 N.J. at 211.

 Reasonable suspicion of "[a] motor vehicular violation, no

matter how minor, justifies a stop [even] without any reasonable

suspicion that the motorist has committed a crime or other unlawful

act." State v. Bernokeits, 423 N.J. Super. 365, 370 (App. Div.

2011). "To satisfy the articulable and reasonable suspicion

standard, the State is not required to prove that the suspected

motor-vehicle violation occurred." State v. Locurto, 157 N.J.

463, 470 (1999). That is, "the State need prove only that the

police lawfully stopped the car, not that it could convict the

driver of the motor-vehicle offense." State v. Heisler, 422 N.J.

Super. 399, 413 (App. Div. 2011) (quoting State v. Williamson, 138

N.J. 302, 304 (1994)). The State must also show that an officer's

belief that a traffic violation actually occurred must be

objectively reasonable. State v. Puzio, 379 N.J. Super. 378, 383

(App. Div. 2005). However, the "fact that information an officer

considers is ultimately determined to be inaccurate . . . does not

invalidate a seizure." State v. Pitcher, 379 N.J. Super. 308, 318

(App. Div. 2005), certif. denied, 186 N.J. 242 (2006).

 The officer who pulled over defendant's vehicle testified

that he observed defendant make a right turn without signaling.

Defendant maintains the evidence at the motion to suppress hearing

 4 A-1938-15T2
was insufficient to prove that his failure to signal had the

potential to affect traffic. N.J.S.A. 39:4-126 provides that

"[n]o person shall so turn any vehicle without giving an

appropriate signal . . . in the event any other traffic may be

affected by such movement." The judge found the officer, who he

believed, followed defendant's vehicle and observed that defendant

failed to activate the directional signal. The reference to "other

traffic" in the statute "could include a trooper's vehicle." See

Williamson, supra, 138 N.J. at 304. Such is the case here.

 Our review of sentencing determinations is limited. State

v. Roth, 95 N.J. 334, 364-65 (1984). We will ordinarily not

disturb a sentence unless it is manifestly excessive or unduly

punitive, constitutes an abuse of discretion, or shocks the

judicial conscience. State v. O'Donnell, 117 N.J. 210, 215-16,

220 (1989). In sentencing, the trial court "first must identify

any relevant aggravating and mitigating factors set forth in

N.J.S.A. 2C:44-1(a) and (b) that apply to the case." State v.

Case, 220 N.J. 49, 64 (2014). The court must then "determine

which factors are supported by a preponderance of [the] evidence,

balance the relevant factors, and explain how it arrives at the

appropriate sentence." O'Donnell, supra, 117 N.J. at 215.

 The judge sentenced defendant to five years in prison with

three years of parole ineligibility. Defendant argues that even

 5 A-1938-15T2
though he entered an open guilty plea, the colloquy at the plea

hearing supports his understanding that he would receive a twenty-

month parole disqualifier. The record reflects discussion between

the court and counsel on the subject of defendant's minimum period

of parole ineligibility.

 Defendant entered an open plea, meaning one without a sentence

recommendation from the State or a sentencing indication from the

court. Thus, there was no agreement as to the minimum period of

parole ineligibility. Paragraph thirteen of the plea papers states

"[p]lea is open. Defendant to be sentenced to an extended term

pursuant to [N.J.S.A. 2C:43-6(f)]. The State will move for

imposition of the extended term at the time of sentence." That

statute fixes a three-year period of parole ineligibility.

Anything less is illegal.

 At oral argument before us, the State conceded defendant was

entitled to a remand so that he may file a motion to withdraw his

guilty plea. That is so because the record demonstrates defendant

may have believed he would have received a twenty-month period of

parole ineligibility. Remanding will give the parties and the

court an opportunity to more fully develop the record and

adjudicate disposition of the motion to vacate the plea. We do

not retain jurisdiction.

 6 A-1938-15T2