**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1874-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

NAJEE CROOM,

     Defendant-Appellant.

_____

Submitted February 6, 2019 – Decided July 31, 2019

Before Judges Fuentes and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 15-02-0089.

Joseph E. Krakora, Public Defender, attorney for appellant (Tamar Yael Lerer, Assistant Deputy Public Defender, of counsel and on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Claudia Joy Demitro, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

On February 18, 2015, a Somerset County Grand Jury indicted defendant Najee Croom charging him with second degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b), and fourth degree possession of hollow-nose bullets, N.J.S.A. 2C:39-3(f). After arraignment, defendant filed a motion to suppress the evidence against him.

Pursuant to Rule 3:5-7(c), the trial court conducted an N.J.R.E. 104 evidentiary hearing on August 27, 2015, at which Franklin Township Police Officers Deyo Swartz, Steven Ellmyer, and Alexander Sodbinow testified. Defendant did not call any witnesses. The motion judge reserved decision at the conclusion of the hearing. The judge issued a memorandum of opinion the following day at which he explained the factual and legal basis for denying defendant's motion to suppress.

On December 8, 2014, all three police officers "observed a silver Ford Taurus travelling after dark, southbound on Norma Ave[nue] in Franklin Township, without its headlights on." Although the car's headlights were later turned on, "the driver admitted the lights had not been on." After they stopped the car, the officers noticed the man in the front passenger seat, whom they later identified as defendant, was not wearing his seatbelt, in violation of N.J.S.A. 39:3-76.2f. When the officers obtained defendant's pedigree information to

issue him a summons for this infraction, they discovered there was an open, active warrant for defendant's arrest out of North Brunswick.

The officers removed defendant from the car and arrested him on the open warrant. A Terry[1] pat-down revealed defendant had "a loaded handgun tucked into his waistband." The judge found the testimony of all three police officers credible in all respects.

Defendant was tried before a jury on the two charges in the indictment on two separate occasions. The trial court declared a mistrial both times after the jury was unable to reach a unanimous verdict on any of the two charges. Defendant thereafter entered into a negotiated agreement with the State through which he pled guilty to an amended charge of a fourth degree violation of firearms regulations under N.J.S.A. 2C:39-10(a)(1) and fourth degree possession of hollow points bullets under N.J.S.A. 2C:39-3(f). The State agreed to dismiss the second degree charge of unlawful possession of a handgun and recommend that the court sentence defendant to two concurrent terms of one-year probation and time served.

---

[1] Terry v. Ohio, 392 U.S. 1, 27 (1968).

A-1874-17T4

The court sentenced defendant on September 28, 2017 in accordance with the terms of the plea agreement. The judge found these two charges were defendant's "third and fourth adult indictable convictions in the [S]tate of New Jersey, defendant having prior convictions for resisting arrest [and] . . . violation of [a] domestic violence Order." The judge found defendant was "entitled to a total of seven hundred twenty-two [722] days jail time credit from December 8th, 2014, through November 28th, 2016." Defendant did not challenge the jail time credit awarded by the court.

In this appeal, defendant raises the following argument:

POINT I

THE MANNER IN WHICH THE MOTOR VEHICLE STOP WAS CONDUCTED WAS UNCONSTITUTIONAL.

We reject this argument and affirm. At the suppression hearing, defendant argued the police officers did not have reasonable suspicion to stop the car because the headlights were operational and activated before the stop. The motion judge disagreed. Here, defendant argues the motion judge's findings are not supported by a DVD video recording of the initial motor vehicle stop which shows the car had its headlights on before the police stopped it. However, the police officer who made the stop testified at the suppression hearing that

A-1874-17T4

although the headlights were on when he stopped the car, they were off when he first saw the car drive by him. The officer also testified that the driver admitted he was driving without the headlights on before he was stopped. The driver turned on the headlights only after he saw the police car's overhead light and heard the siren.

In State v. Williamson, 138 N.J. 302, 304 (1999), the Court held that "the State need prove only that the police lawfully stopped the car, not that it could convict the driver of the motor-vehicle offense." The Court reaffirmed this standard in State v. Locurto, when it held that "[t]o satisfy the articulable and reasonable suspicion standard, the State is not required to prove that the suspected motor-vehicle violation occurred." 157 N.J. 463, 470 (1999) (citing Williamson, 138 N.J. at 304). Based on the testimony of the police officers, the motion judge found the car did not have its headlights on when the officers first saw the vehicle. We discern no legal basis to question the motion judge's findings under the deferential standard of review established in State v. S.S., 229 N.J. 360, 380-81 (2017).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1874-17T4