**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3727-18T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GLENN D. ZIELINSKI,

    Defendant-Appellant.

_____

Submitted January 13, 2020 – Decided March 31, 2020

Before Judges Vernoia and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Municipal Appeal No. 22-18.

John M. Makowski, attorney for appellant.

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (Melinda A. Harrigan, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Glenn Zielinski, was convicted in municipal court of driving while using a cell phone in violation of N.J.S.A. 39:4-97.3. He now appeals from his de novo conviction in the Law Division. Defendant contends the motor vehicle stop was unlawful. He also contends both the municipal court and Law Division judges erred in concluding that the State had proven his guilt beyond a reasonable doubt. In support of that argument, defendant relies on police video evidence he claims refutes the officer's trial testimony. Both of defendant's contentions hinge on credibility assessments made by the municipal court and Law Division judges. Given the deferential standard of review, we affirm his conviction.

I.

In April 2018, defendant was stopped by Mullica Township Police Sergeant Christopher Silva on suspicion of distracted driving. After conducting an on-scene investigation, Silva issued a summons for violation of N.J.S.A. 39:4-97.3. Silva and defendant were the only witnesses who testified at the municipal court trial. Following testimony and summations, the municipal court judge found defendant guilty and imposed a fine of $306 and $33 in court costs.

Defendant appealed the conviction to the Law Division. Before the Law Division judge, defendant for the first time challenged the lawfulness of the

motor vehicle stop.[1]  After reviewing the municipal court record de novo and hearing arguments from the prosecutor and defense, the Law Division judge denied defendant's motion to suppress and found defendant guilty beyond a reasonable doubt.

## II.

The facts pertinent to this appeal are recounted in the Law Division judge's opinion and need only be briefly summarized in this opinion.  Sergeant Silva was "working a cell phone grant" from the State, indicating that his attention was focused on identifying distracted drivers.  He observed defendant's vehicle pass by while defendant was holding a cell phone in his right hand.  Silva indicated that the speed limit was 50 mph, and defendant was neither speeding nor driving slowly.

Silva pulled out of his parked location and initiated a motor vehicle stop. In the conversation that followed, defendant admitted he was using the GPS feature of his phone.  Defendant was then issued a summons for violating N.J.S.A. 39:4-97.3.

---

[1]  It does not appear that the motion to suppress was properly filed in accordance with Rule 7:5-2(b).  The State has not claimed on appeal that our consideration of the motion is procedurally barred.  We elect to consider, and reject, defendant's constitutional argument on the merits.

A-3727-18T3

The police vehicle was equipped with a mobile video recorder, commonly referred to as a "dash cam." Defendant at trial presented three still images taken from the video. Silva admitted after viewing the video and still shots that this evidence did not show defendant holding a telephone in his right hand. At the close of the State's case, defendant moved to dismiss the charge based on Silva's admission that the video evidence did not show that defendant was holding his phone. The municipal court judge denied the motion.

Defendant testified that his cellphone was connected to his car radio through Bluetooth and that the cellphone was on the seat beside him. He admitted he was using his GPS while driving but claimed that he did not have to look at it since it was "set." Defendant further claimed that he could not have been holding his cellphone because if he did, it would cause "feedback" on the radio.

After hearing both witnesses and viewing the video evidence, the municipal court judge accredited Silva's testimony over defendant's testimony. Accordingly, the municipal judge found defendant guilty of driving while using a cell phone.

After reviewing the municipal court record, the Law Division judge made the same factual and credibility findings. Based on Silva's credible testimony,

the judge rejected defendant's motion to suppress. The judge found that Silva "observed . . . defendant holding a phone in his right hand while operating his motor vehicle, and that [Silva] knew this was a motor vehicle offense giving rise to a reasonable suspicion for . . . Silva to pull over defendant's vehicle." The judge further found that the State proved defendant's guilt beyond a reasonable doubt. The judge relied on both Silva's testimony and defendant's admission to Silva that he had been using GPS on his phone.

III.

Defendant raises the following issues for our consideration:

POINT I

THE STATE FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT [] DEFENDANT WAS GUILTY OF A VIOLATION OF N.J.S.A. 39:4-97.3.

POINT II

THE POLICE OFFICER LACKED PROBABLE CAUSE TO STOP [] DEFENDANT.

IV.

We begin our analysis by acknowledging the standard of review that applies to this appeal. Our review is limited following a trial de novo in the Law Division. State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005).

A-3727-18T3

Importantly, we do not independently assess the evidence as if we were the court of first instance.  State v. Locurto, 157 N.J. 463, 471 (1999).  Rather, we focus our review on "whether there is 'sufficient credible evidence . . . in the record' to support the trial court's findings."  State v. Robertson, 228 N.J. 138, 148 (2017) (alteration in original) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)).

Deference is especially appropriate when, as in this case, two judges have examined the facts and reached the same conclusion.  As the Supreme Court made clear in Locurto, "[u]nder the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error."  157 N.J. at 474 (citing Midler v. Heinowitz, 10 N.J. 123, 128–29 (1952)).  Therefore, our review of the factual and credibility findings of the municipal court and the Law Division "is exceedingly narrow."  State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470);  see also Meshinsky v. Nicholas Yacht Sales, Inc., 110 N.J. 464, 475 (1988) (observing that appellate courts defer to the Law Division's credibility findings that were not "wholly unsupportable as to result in a denial of justice" (quoting Rova Farms Resort v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 483–84 (1974))).

IV.

We first address defendant's appeal from the Law Division judge's denial of his motion to suppress. Here, defendant claims the motor vehicle stop was unlawful.[2] Officers need only have an "articulable and reasonable suspicion" that the driver has committed a motor vehicle offense. Delaware v. Prouse, 440 U.S. 648, 663 (1979); Locurto, 157 N.J. at 470 (citing State v. Smith, 306 N.J. Super. 370, 380 (App. Div. 1997)). The standard requires only "some minimal level of objective justification for making the stop." State v. Nishina, 175 N.J. 502, 511 (2003) (quoting United States v. Sokolow, 490 U.S. 1, 7 (1989)). The State is not required "to prove that the suspected motor-vehicle violation occurred." Locurto, 157 N.J. at 470 (citing State v. Williamson, 138 N.J. 302, 304 (1994)).

Often, the reasonable suspicion standard is satisfied when an officer observes what he reasonably believes to be a motor vehicle violation. In this instance, Silva had reasonable suspicion to initiate a motor vehicle stop when he observed defendant holding his cellphone as he drove past Silva's location. As

---

[2] Defendant claims in his point heading that "[t]he police officer lacked probable cause to stop [] defendant." As was made clear in State v. Pitcher, the level of proof needed to sustain a motor vehicle stop is reasonable suspicion, not the higher standard of probable cause. 379 N.J. Super. 308, 314 (App. Div. 2005).

we have noted, both the municipal court and Law Division judges accepted Silva's testimony as credible. Accordingly, we conclude that the motor vehicle stop was lawful and affirm the Law Division judge's denial of defendant's motion to suppress. Locurto, 157 N.J. at 470 (citing Smith, 306 N.J. Super. at 380).

V.

Defendant also argues that the State failed to prove beyond a reasonable doubt that defendant was guilty of violating N.J.S.A. 39:4-97.3. As we have noted, this case boils down to a credibility assessment. Defendant admitted that he was using the cellphone's GPS function but testified that the device remained on the seat next to him. Silva testified that defendant was holding the phone as he passed by the parked police vehicle. The municipal and Law Division judges considered the evidence adduced at trial, including the video images that, according to defendant, refute Silva's testimony. Both judges concluded that Silva was credible, and defendant was not.

Applying our deferential standard of review to a trial court's factual findings, including those based on video or documentary evidence, we decline to substitute our judgment for that of the municipal and Law Division judges. State v. S.S., 229 N.J. 360, 379–81 (2017) (deferring to trial courts' findings of

8

fact based on video or documentary evidence that are not clearly mistaken). The two judges determined, based on the totality of the evidence—including the municipal court judge's ability to view the witnesses' live testimony—that Sergeant Silva was the more credible witness on the key issue of whether defendant was holding the phone while driving. See Locurto, 157 N.J. at 474 (citations omitted) (deferring to credibility findings). Accordingly, we decline to hold that their factual findings were based on a very obvious and exceptional showing of error. Ibid. (citing Midler, 10 N.J. at 128–29).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3727-18T3