**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0210-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ERNEST E. COHEN, a/k/a
MARK COHEN,

    Defendant-Appellant.

_____

Submitted January 11, 2021 – Decided April 5, 2021

Before Judges Fasciale and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 18-11-1510.

Wayne Powell, PC, attorney for appellant (Wayne Powell, on the brief).

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Nicole Handy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from his fourth-degree conviction for operating a motor vehicle during a period of license suspension, N.J.S.A. 2C:40-26(b). Defendant pled guilty after Judge Terrence R. Cook denied his motion to suppress. Defendant contends the trial court erred in ruling that the motor vehicle stop was lawful. After carefully reviewing the record in view of the applicable legal principles, we affirm substantially for the reasons explained in Judge Cook's thorough and thoughtful oral decision rendered on April 17, 2019.

I.

Because we affirm for the reasons explained in Judge Cook's cogent opinion, we need not re-address defendant's arguments at length and only briefly summarize the relevant facts and procedural history. On February 22, 2018, New Jersey State Police Trooper Paul Riccioli observed a 2006 Saab with heavily tinted windows in apparent violation of N.J.S.A. 39:3-75,[1] prompting the trooper to initiate a motor vehicle stop. Defendant was operating the vehicle, which belonged to his son's girlfriend. Both defendant and his son, who was

_____

[1] N.J.S.A. 39:3-75 provides: "No person shall drive any motor vehicle equipped with safety glazing material which causes undue or unsafe distortion of visibility or equipped with unduly fractured, discolored or deteriorated safety glazing material, and the director may revoke the registration of any such vehicle."

A-0210-19

also in car, claimed that the windows were not improperly tinted. During the encounter, the trooper learned from the dispatcher that defendant's driver's license was suspended. The trooper issued defendant a summons for driving while suspended but decided against issuing a ticket for the tinted window violation because defendant was cooperative. A subsequent investigation revealed that defendant's license had been suspended as a result of multiple driving while intoxicated (DWI) convictions. Defendant was subsequently indicted for the upgraded offense set forth in N.J.S.A. 2C:40-26(b).

Defendant filed a motion to suppress evidence, claiming that the trooper lacked reasonable and articulable suspicion to stop the vehicle. Judge Cook convened an evidentiary hearing at which Trooper Riccioli, defendant, and his son testified. Defendant maintained that the trooper was mistaken about the window tinting and claimed there was no obstruction of his view or distortion of visibility sufficient to constitute a violation of N.J.S.A. 39:3-75.

Judge Cook found that Trooper Riccioli's testimony was credible. The judge concluded that the trooper had reasonable and articulable suspicion to believe the window tinting violated N.J.S.A. 39:3-75 and thus had an objectively reasonable basis upon which to initiate a motor vehicle stop to investigate the suspected violation. Judge Cook noted, "it is not necessary or relevant that the

3

facts testified to by the trooper actually support a finding of guilt beyond a reasonable doubt of the statutory violation[.]"

Defendant thereafter pled guilty and was sentenced to 180 days in county jail and one year of probation. Judge Cook granted defendant's request to stay execution of the sentence pending this appeal.

Defendant raises the following argument for our consideration:

> THE POLICE OFFICER WAS WITHOUT REASONABLE SUSPICION TO STOP THE VEHICLE OPERATED BY DEFENDANT ON THE DATE IN QUESTION

## II.

We begin our analysis by acknowledging the governing legal principles. When reviewing a motion to suppress evidence, we "must uphold the factual findings underlying the trial court's decision, so long as those findings are 'supported by sufficient credible evidence in the record.'" State v. Evans, 235 N.J. 125, 133 (2018) (quoting State v. Elders, 192 N.J. 224, 243 (2007)). Accordingly, "[a] trial court's findings should be disturbed only if they are so clearly mistaken 'that the interests of justice demand intervention and correction.'" Elders, 192 N.J. at 244 (quoting State v. Johnson, 42 N.J. 146, 162 (1964)).

A-0210-19

A police officer is authorized to stop a vehicle if he or she has an articulable and reasonable suspicion that the driver committed an offense. State v. Locurto, 157 N.J. 463, 470 (1999). See also Delaware v. Prouse, 440 U.S. 648, 663 (1979) (Holding that "except in those situations in which there is at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law, stopping an automobile and detaining the driver in order to check his driver's license and the registration of the automobile are unreasonable under the Fourth Amendment."). An officer's observation of a motor vehicle violation constitutes sufficient justification for a stop. State v. Murphy, 238 N.J. Super. 546, 552–55 (App. Div. 1990). Furthermore, "the State is not required to prove that the suspected motor-vehicle violation occurred." Locurto, 157 N.J. at 470. The State need only prove that there was an objectively reasonable basis for the stop. See State v. Pitcher, 379 N.J. Super. 308, 314 (App. Div. 2005).

Applying these foundational principles to the present case, we agree with Judge Cook that Trooper Riccioli had an objectively reasonable basis to stop the vehicle defendant was driving to investigate the suspected window-tinting violation. We reject defendant's argument that the trooper violated the rule

announced in State v. Puzio. 379 N.J. Super. 378 (App. Div. 2005). In that case, we addressed the validity of a stop based on an officer's misinterpretation of a statute. Id. at 379–80. The officer stopped Puzzio's vehicle when he noticed it bore commercial license plates but did not display a sign or placard indicating the name and address of the business as required by N.J.S.A. 39:4-46(a). Id. at 380. The plain language of the statute, however, expressly exempts passenger vehicles from this requirement. Because it was not disputed that Puzzio's car was a passenger vehicle, we concluded that the stop was based "on an entirely erroneous reading of [N.J.S.A. 39:4-46a]." Id. at 382.

Importantly for purposes of the present appeal, we also held in Puzzio that:

> There is a clear distinction between the present situation and those presented in cases where the officer correctly understands the statute but arguably misinterprets the facts concerning whether a vehicle, or operator, has violated the statute. In those cases, the courts have approved the motor vehicle stop because it is only necessary that the officer have a reasonable and articulable suspicion of a violation. In such circumstances, it is not necessary or relevant that the facts testified to by the officer actually support a finding of guilt beyond a reasonable doubt of the statutory violation.
>
> [Ibid. (citations omitted)]

A-0210-19

In view of the distinction, we drew between mistakes of law and mistakes of fact, defendant's reliance on Puzzio is misplaced. He argues, "[i]n the instant case although the police officer believed that there had been a violation of N.J.S.A. 39:3-75 by Defendant, the officer was factually incorrect as was indicated by both the Defendant and his passenger." In short, and as Judge Cook aptly recognized, defendant challenges the trooper's factual assessment of whether the windows were so tinted as to constitute a violation of N.J.S.A. 39:3-75. Defendant does not assert that Troop Riccioli misread the plain language of the statute as occurred in Puzzio. Contrary to defendant's contention, our decision in Puzzio actually supports the lawfulness of the present stop by making clear that an officer does not need grounds to convict for a motor vehicle infraction to justify an investigative detention.

As we have noted, Judge Cook found the trooper's testimony to be credible. We conclude the judge's findings underlying his decision are amply supported by sufficient credible evidence in the record. Evans, 235 N.J. at 133 (2018). Nor is there reason to disturb the judge's conclusion that the trooper's observation of the vehicle provided an objectively reasonable basis to initiate the stop so that the trooper could investigate the suspected equipment violation. Cf., State v. Cohen, 347 N.J. Super. 375, 381 (App. Div. 2002) ("We are also

7

satisfied that the officer's belief that the darkly-tinted windows represented a significant obstruction, even if not violative of Title 39, is a sufficient reason to implicate 'the community caretaking function' and permit inspection of what appears to be a hazardous vehicular condition that deviates from the norm.").

To the extent we have not addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant discussion. R. 2:11-3(e)(2). We affirm the conviction and remand solely for the purposes of vacating the stay of execution of sentence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0210-19